UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DAVID HOLCOMBE, )<br>　　　　　　　　　　)<br>　　　　Plaintiff　　)<br>　　　　　　　　　　)<br>v.　　　　　　　　　)　　Civil No. 07-66-B-W<br>　　　　　　　　　　)<br>CCH, INC.,　　　　　)<br>　　　　　　　　　　)<br>　　　　Defendant.　 ) | |

*Recommended Decision on Motion to Dismiss Count II of Complaint*

David Holcombe is suing his former employer claiming that the company failed to honor the terms of a severance agreement.  The complaint has one count claiming breach of contract and one count claiming a violation of 26 M.R.S.A. § 626 et seq.  The defendant moves to dismiss the 26 M.R.S.A. § 626 count, arguing that severance pay does not qualify as unpaid wages under the statute.  I recommend that the Court grant the motion to dismiss.

Section 626 of title 26 of the Maine Revised Statutes provides:

> An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid, provided that any overcompensation may be withheld if authorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee. Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned.

26 M.R.S.A. § 626 ¶1.

In <u>Bellino v. Schlumberger Technologies, Inc.</u>, Judge Carter reasoned:

> Plaintiffs' complaint alleges that payments due under Defendant's severance pay plan are "wages" within the meaning of 26 M.R.S.A. § 626-A. The Court has found no Maine precedent which holds that severance pay constitutes "unpaid wages" within the meaning of 26 M.R.S.A. §§ 626 and 626-A; it is the Court's view that were a Maine court to pass on the question, it would conclude that severance pay benefits are not wages for the purposes of the statute. First, the statutory scheme militates against interpreting "unpaid wages" as including severance pay benefits. The Maine legislature explicitly provided that "vacation pay on cessation of employment shall have the same status as wages earned." 26 M.R.S.A. § 626 (emphasis added). The legislature did not provide a similar status for severance pay benefits, which indicates that it did not regard severance pay as having the same status as wages earned. Moreover, the statute does provide for severance pay benefits in certain circumstances, *see* 26 M.R.S.A. § 625-B; those benefits "shall be in addition to any final wage payment to the employee...." 26 M.R.S.A. § 625-B(2). This provision demonstrates that the legislature did not contemplate that severance pay benefits were "unpaid wages" within the meaning of the statute. Finally, and most important, Plaintiffs' construction of the statute conflicts with the statute's plain language. The term "unpaid wages," as ordinarily understood, refers to earnings for completed services. The phrase does not encompass severance pay benefits, which become due only upon and by reason of an employee's termination. The Court, therefore, concludes that Plaintiffs' complaint fails to state a claim under 26 M.R.S.A. § 626-A and thus must be dismissed.

753 F.Supp. 391, 393 (D.Me. 1990) (footnote omitted).

Neither the Maine Law Court nor the Maine Legislature has visited the question of whether or not severance pay falls within the ambit of 26 M.R.S.A. § 626 since Judge Carter issued Bellino almost seventeen years ago. Faced with this reality Holcombe attempts to parry Bellino by arguing that it really held that a severance pay claim was pre-empted by ERISA. (Obj. Mot. Dismiss at 2.) However, that, quite simply, is not a defensible reading of the portion of the opinion which expressly joined the issue at stake here.

I recommend that the Court grant the defendant's motion to dismiss Count II of the complaint (Docket No 6).

## NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 16, 2007                /s/Margaret J. Kravchuk
                       U.S. Magistrate Judge